Filed 4/16/25  P. v. Secundino CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063685 |
| v. | (Super. Ct. No. 06CF2256) |
| INOCENTE SECUNDINO, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan Fish, Judge. Affirmed.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

A jury convicted defendant Inocente Secundino, Jr. of one count of first degree murder (Pen. Code, § 187, subd. (a))[1] and one count of street terrorism (§ 186.22, subd. (a)). The jury also found true the special circumstance allegation that defendant committed the murder while he was an active participant in a criminal street gang and to further activities of the gang (§ 190.2, subd. (a)(22)) along with other gang and firearm enhancements alleged on the murder count (§§ 186.22, subd. (b)(1), 12022.53, subd. (d)).

The court sentenced defendant to a life term without the possibility of parole for the first degree murder conviction and a consecutive prison term of 25 years to life for the section 12022.53, subdivision (d) enhancement. The court also imposed and stayed a 10-year sentence for the section 186.22, subdivision (b)(1) enhancement and imposed a concurrent two-year sentence for the street terrorism offense.

In October 2023, defendant filed a petition for resentencing under section 1172.6. The trial court summarily denied the petition, and defendant filed a timely notice of appeal. Appointed counsel indicates he has found no arguable issues but suggests we exercise our discretion to independently review the record. Defendant was given the opportunity to file written argument on his own behalf and has done so. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.) The issues defendant raises are described below.

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

---

[1] All further statutory references are to the Penal Code.

## FACTS

In October 2023, defendant filed a petition for resentencing and averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant and received additional briefing from the prosecution. In a statement of decision, the court held defendant was ineligible for relief on the murder conviction because "the jury was instructed only on the law of murder with a voluntary manslaughter as a lesser included offense." The court emphasized the jury was not instructed on any felony-murder or aiding and abetting theories and "[a]ll instructions included the *mens rea* requisite in the current definition of murder."

## DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) "A petitioner is ineligible for resentencing as a

3

matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971.) The record of conviction includes the court's own documents, including the trial evidence, the jury instructions, and closing arguments of counsel. (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the information charged defendant as the actual killer. Among other things, the information alleged defendant "did unlawfully and with malice aforethought murder [the victim]." It further alleged defendant "intentionally and personally discharged a firearm proximately causing great bodily injury and death to [the victim]."

The jury was instructed under, inter alia, CALJIC Nos. 8.00 (homicide), 8.10 (murder), 8.11 (malice aforethought), 8.20 (deliberate and premeditated murder), 8.30 (unpremeditated murder of the second degree),

4

8.31 (second degree murder), 8.37 (manslaughter), 8.40 (voluntary manslaughter), 8.50 (murder and manslaughter distinguished), and 8.70 (duty of jury as to degree of murder). CALJIC No. 8.10 instructed the jury that murder requires the mental state of malice aforethought. The jury also was instructed with CALJIC No. 8.11, which defined malice aforethought as express or implied malice. Both of these instructions were consistent with current law. CALJIC No. 8.20 instructed: "If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is murder of the first degree." By finding defendant guilty of first degree murder, the jury necessarily found he acted with express malice (i.e., intent to kill). The jury also found true the allegation that defendant intentionally and personally discharged a firearm proximately causing the victim's death.

We further note the court did not instruct on the felony-murder theory, the natural and probable consequences doctrine, accomplice liability as a major participant with reckless indifference to human life, or any other theory where malice was imputed based solely on defendant's participation in a crime. Instead, the jury was instructed only on valid theories of murder. The record accordingly demonstrates defendant is ineligible for relief.

In his supplemental brief, defendant contends the court made premature findings based on inconclusive evidence. To the contrary, the court did not weigh any evidence and instead limited its review to the record of conviction, which properly included the jury instructions.

5

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.